**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Timothy Beers

    v.                                   Civil No. 15-cv-517-PB

Warden, New Hampshire State Prison

**REPORT AND RECOMMENDATION ON THE STAY MOTIONS**

Timothy Beers has petitioned this court for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his July 2013 conviction on four counts of pattern aggravated felonious sexual assault, for which he is serving a ten- to thirty-year sentence. Before this court are Beers's motion to lift the stay (Doc. No. 19) in this action, and Beers's later-filed motion to continue the stay in this action (Doc. No. 22).

**Background**

Beers initiated this action by filing a place-holder petition (Doc. No. 5), entitled, "Motion for Stopping My AEDPA Clock," to stop the statute of limitations from running. That petition did not list any claims for relief.

This court directed Beers to file an amended petition listing all of his claims, then granted Beers's motion to stay this action before Beers listed any of his claims, so that Beers could litigate a pending state habeas petition. See Oct. 13, 2016 Order. The Superior Court denied the state habeas petition

in September 2017, and in November 2017, the New Hampshire

Supreme Court declined to accept Beers's appeal of that order.

See Beers v. Zenk, No. 2017-0587 (N.H. Nov. 27, 2017) (Doc. No.

20-4, at 2).

Beers next filed a motion to lift the stay (Doc. No. 19)

here, along with an amended § 2254 petition, Doc. No. 20,

listing, for the first time, all of the claims he is asserting

in this case.  The court, in the August 14, 2018 Order (Doc. No.

21), took the motion to lift the stay under advisement, upon

finding that Beers's amended petition was a "mixed petition,"

including both exhausted claims (numbered by the court as Claims

2, 4, 5, and 6) and unexhausted claims (numbered as Claims 1 and

3).[1]  The court in that Order (Doc. No. 21) specifically directed

---

[1]In its August 14, 2018 Order (Doc. No. 21), the court
identified (unexhausted) Claims 1 and 3 as follows:

> 1.   Beers's conviction was obtained in violation of his
> Fourteenth Amendment right to due process in that, with
> regard to the alleged false trial testimony of a
> prosecution witness in the second trial:
>
>> a.   The prosecutor knowingly allowed the witness to
>> perjure himself; and
>>
>> b.   The trial judge did not sua sponte stop the
>> witness from perjuring himself.
>
> 2.   . . . .
>
> 3.   Beers's conviction was obtained in violation of his
> Sixth Amendment right to a fair trial and an impartial
> jury, in that the court clerk added the phrase, "He did
> commit," when reading the charges against Beers to the
> impaneled jury, which had the effect of biasing the jury
> against Beers.

Beers to choose whether to forego Claims 1 and 3; or to move to
continue the stay, giving Beers an opportunity to show that
there was good cause for his failure to exhaust state remedies
on Claims 1 and 3 previously.  Beers filed a bare-bones motion
to continue the stay (Doc. No. 22) in response to the August 14,
2018 Order (Doc. No. 21) which does not attempt to explain why
he has failed, to date, to exhaust Claims 1 and 3.


**Discussion**

I.    Stay Motions (Doc. Nos. 19, 22)

For reasons stated in the August 14, 2018 Order (Doc. No.
21), Beers's Amended Petition (Doc. No. 20), which is the
operative petition in this case, is a "mixed" § 2254 petition,
as it includes both exhausted and unexhausted claims.  See
Rhines v. Weber, 544 U.S. 269, 275 (2005).  A federal district
court cannot grant relief on any claims in such a petition, and
such petitions may be dismissed without prejudice.  See id. at
275.  Alternatively, if "there was good cause for the
petitioner's failure to exhaust his claims first in state
court," the court has discretion to stay the petition, while the
petitioner returns to state court to exhaust his state remedies
on the unexhausted claims.  Id. at 277.  It would likely be an
abuse of discretion not to stay a "mixed" petition if: the
unexhausted claims are "potentially meritorious," the petitioner
has not engaged in intentionally dilatory tactics, and there is

3

good cause for the inmate's failure to exhaust his claims before he filed his § 2254 petition.  Id. at 277-78.  "In such a case, the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions."  Id. at 278.

     This court's August 14, 2018 Order (Doc. No. 21) directed Beers, if he did not intend to forego Claims 1 and 3, to file a motion to continue the stay, showing good cause for his prior failure to exhaust state remedies on Claims 1 and 3.  Beers's motion to continue the stay does not state any reasons why the stay should continue.  Beers's motion (Doc. No. 22) offers no justification at all for Beers's failure to exhaust Claims 1 and 3 while this action was stayed initially in 2016 upon Beers's motion, see Doc. No. 10, while Beers, through post-conviction counsel in the state courts, litigated a state habeas petition. Beers has not argued that any of the exceptions to the exhaustion requirement apply as to Claims 1 and 3, see 28 U.S.C. §§ 2254(b), (c).  Nothing before this court suggests any grounds for finding good cause for Beers's failure to exhaust Claims 1 and 3 previously.  Accordingly, the district judge should deny the motion to continue the stay (Doc. No. 22) and grant the motion to lift the stay (Doc. No. 19), because Beers has not demonstrated good cause to continue it.

II.  Beers's Options

At this point, Beers has two choices.  He can either: (1) forego Claims 1 and 3 to allow the remaining claims in the petition to proceed, or (2) suffer the dismissal of his entire petition, including his exhausted claims, effectively losing the chance for this court to consider the merits of any claims.

If Beers chooses the first alternative, he must file a motion to amend the petition to drop Claims 1 and 3 by the deadline set by the court.  In choosing the option of foregoing Claims 1 and 3, he will risk losing the opportunity to litigate those claims both in this case and in any successive federal habeas petition challenging the same conviction, due to the restriction on successive petitions in 28 U.S.C. § 2244(b).

If Beers declines to move to drop Claims 1 and 3, this court may dismiss the entire petition, without issuing any ruling on the merits of any claim in the petition.  Although such a dismissal would be without prejudice, Beers would likely confront a formidable statute of limitations problem under 28 U.S.C. § 2244(d)(1), if he were to file a new federal petition challenging the same conviction.

## Conclusion

For the foregoing reasons, the magistrate judge recommends that the district judge approve this Report and Recommendation and issue the following order:

5

1.    The stay in this action is lifted.  The motion to lift the stay (Doc. No. 19) is granted, and the motion to continue the stay (Doc. No. 22) is denied.

2.    On or before thirty days from the date of the Order approving the "Report and Recommendation on the Stay Motions," Beers may file a motion to drop Claims 1 and 3 from this case, recognizing that in doing so, Beers will likely lose an opportunity to seek relief on those claims here and in any "successive" federal habeas petition, under 28 U.S.C. § 2244(b).

3.    If Beers does not file a motion to forego Claims 1 and 3 as directed, the entire case may be dismissed without prejudice.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

September 13, 2018

cc:  Timothy Beers, pro se

6