UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Timothy Beers

    v.                                                      Civil No. 15-cv-517-PB

Warden, New Hampshire State Prison

**REPORT AND RECOMMENDATION**

Before this court is habeas corpus petitioner Timothy Beers's motion (Doc. No. 27), seeking to forego further litigation of Claims 1 and 3 in this action.[1] While it is clear that Beers would prefer that the court hear those claims on

---

[1] This court previously identified (unexhausted) Claims 1 and 3 as follows:

1. Beers's conviction was obtained in violation of his Fourteenth Amendment right to due process in that, with regard to the alleged false trial testimony of a prosecution witness in the second trial:

    a. The prosecutor knowingly allowed the witness to perjure himself; and

    b. The trial judge did not sua sponte stop the witness from perjuring himself.

2. . . . .

3. Beers's conviction was obtained in violation of his Sixth Amendment right to a fair trial and an impartial jury, in that the court clerk added the phrase, "He did commit," when reading the charges against Beers to the impaneled jury, which had the effect of biasing the jury against Beers.

    . . . .

August 14, 2018 Order (Doc. No. 21).

their merits, rather than dismiss them, this court has explained to Beers that because he has not exhausted his state remedies on those two claims and has not shown good cause for failing to do so, his petition remains "mixed," and none of his claims can be considered on the merits. See Dec. 11, 2018 Order; Sept. 14, 2018 Report and Recommendation ("R&R") (Doc. No. 23); Aug. 14, 2018 Order (Doc. No. 21). This court has also explained that the dismissal of Claims 1 and 3 at this time will allow the court to consider the merits of the rest of his claims, but will also likely result in Beers being unable to seek relief on Claims 1 and 3 in a future petition challenging his conviction. See Nov. 14, 2018 Order; Sept. 14, 2018 R&R (Doc. No. 23). Therefore, unless Beers files a timely objection to this R&R effectively rescinding his motion to forego Claims 1 and 3, the district judge should grant that motion (Doc. No. 27), dismiss those claims, and direct respondent to answer Claims 2, 4, 5, and 6 set forth below:

    1.    . . . .

    2.    Beers's conviction was obtained in violation of his Fourteenth Amendment right to due process in that:

        a.    The prosecutor engaged in misconduct, by arguing that Beers did not take the opportunity to provide the jury with a motive for why that witness would have lied; and

        b.    The trial court improperly overruled Beers's trial counsel's objection, and failed to declare a mistrial sua sponte, in response to the prosecutor's closing argument, in which the prosecutor argued that Beers did not take the opportunity to provide the jury

>      with a motive for why the witness would have lied.
>
> 3.   . . . .
>
> 4.   Beers's conviction was obtained in violation of his Fifth Amendment privilege against self-incrimination as the prosecutor's closing argument indirectly commented on Beers's failure to testify, in arguing that Beers did not take the opportunity to provide the jury with a motive for why a witness lied.
>
> 5.   Beers's conviction was obtained in violation of his Sixth Amendment right to the effective assistance of counsel, in that trial counsel failed to object to the prosecutor's closing argument, to the extent it argued that since the victim's testimony didn't need to be corroborated, the jury could convict Beers if the jury believed the victim's testimony beyond a reasonable doubt, which had the effect of misstating the burden of proof.
>
> 6.   Beers's conviction was obtained in violation of his Fourteenth Amendment right to due process as the trial judge failed to sustain defense counsel's objection that the prosecutor's closing argument improperly asked the jury to draw inferences from facts not in evidence.

Aug. 14, 2018 Order (Doc. No. 21) (listing claims).

## Conclusion

For the foregoing reasons, the magistrate judge recommends that the district judge issue the following Order:

> 1.   Petitioner's motion to drop Claims 1 and 3 (Doc. No. 27) is GRANTED.  Claims 1 and 3 are dismissed.
>
> 2.   The clerk's office shall serve upon the New Hampshire Office of the Attorney General, as provided in the Agreement on Acceptance of Service, electronic copies of: the Amended Petition (Doc. No. 20); the Dec. 14, 2018 Report and Recommendation ("R&R"); the Order approving the Dec. 14, 2018 R&R; and AO 18-1.  Respondent shall file an answer, motion to dismiss, or other response to the Amended Petition and Claims 2, 4, 5, and 6 as identified in the Dec. 14, 2018 R&R within ninety days of service.  The answer shall comply with AO 18-1 and Rule 5 of the Rules Governing § 2254 Cases.  This matter will thereafter

proceed in accordance with LR 7.4.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

*/s/ Andrea K. Johnstone*
Andrea K. Johnstone
United States Magistrate Judge

December 19, 2018

cc:  Timothy Beers, pro se